**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN CANAL,
      Petitioner,

  v.            No. 06-CV-1490
               (TJM/DRH)
JOHN DONELLI,
      Respondent.

---

**APPEARANCES:**      **OF COUNSEL:**

JOHN CANAL
Petitioner Pro Se
No. 06-A-0890
Lyon Mountain Correctional Facility
3864 Route 374
Lyon Mountain, New York 12952

HON. ANDREW M. CUOMO    JODI A. DANZIG, ESQ.
Attorney General for the      ASHLYN DANNELLY, ESQ.
 State of New York        Assistant Attorneys General
Attorney for Respondent
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT RECOMMENDATION AND ORDER[1]

  Petitioner pro se John Canal ("Canal") pleaded guilty to criminal possession of a controlled substance on June 11, 2003 in Albany County Court. Canal was sentenced to an indeterminate sentence of three and one-half to seven years imprisonment as a second felony offender and is currently serving his sentence. Canal seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that (1) the prosecution

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.4.

obtained evidence pursuant to an unconstitutional search and seizure, (2) the prosecution obtained evidence pursuant to an unlawful arrest, and (3) his trial counsel provided ineffective assistance.  For the reasons which follow, it is recommended that the petition be denied.

### I. Background

On June 24, 2002, City of Albany Police Officers Olsen and Fargione observed Canal and two other men drinking from beer bottles[2] in front of 60 Dana Avenue in Albany, New York.  D. R-12.  Officers Olsen and Fargione ordered the three men to put their beverages down and put their hands on their head.  Id.  Officer Lawrence Heid arrived on the scene while the men were being ordered to put the beverages down.  Id., Supp. Hrg. 40-41.  The three officers proceeded to pat the men down for weapons without incident.  Supp. Hrg. 40 - 41.  The officers then asked the men for identification, but only one produced a form of identification.[3]  It was determined that the man with identification had a warrant issued by the Town of Colonie.  D. R-12.

The three men were arrested for violation of the City of Albany open container law.[4]

---

[2] A letter followed by R-(number) refers to the pages of various documents contained in the Record on Appeal.  See Docket No. 11, attachment 2.  The letter indicates the document referenced including the Decision and Order (D.), Suppression Hearing Transcript (Supp. Hrg.), Indictment (I.), Guilty Plea (P.), Memorandum of Law (M.), Notice of Omnibus Motion (Omnibus), and Forensic Report (F.).  Not all of the page numbers are preceded by "R-" since the Suppression Hearing transcript and Plea contain paginations separate from the rest of the documents.

[3] Canal did not produce any identification but gave his name and state of residency.  Supp.  Hrg. 41- 42.

[4] Code of the City of Albany, Pt. II, Ch. 105, Art. II, § 105–21 et. seq.  D.  R-13.

M. R-17.  During the post-arrest search, nine pieces of cocaine were discovered in Canal's pants pocket.[5]  D. R-12; F. R-25.  A grand jury indicted Canal on October 22, 2002.[6]  I. R-7, R-8.  Canal moved to suppress the cocaine and a suppression hearing was conducted on April 29, 2003, which resulted in a decision on May 27, 2003 denying the motion.  Supp. Hrg.1-2, D. R-13.  Canal pleaded guilty on June 11, 2003.  P. 1, 5, 10.  Canal was sentenced as indicated above, he appealed, and his conviction was affirmed by the Appellate Division.  See People v. Canal, 24 A.D.3d 1034 (3d Dep't 2005).  The New York Court of Appeals denied leave to appeal.  See People v. Canal, 6 N.Y.3d 846 (2006).  This action followed.

## II. Discussion

### A. Unlawful Search and Seizure

In the first two grounds of his petition, Canal contends that the search which led to discovery of the cocaine was unconstitutional.  He classifies the initial search as a pat-down and the second post-arrest search as one pursuant to an unlawful arrest.  Trav. 7 [7]

A search pursuant to an arrest will pass constitutional muster as long as the arrest was lawful.  Michigan v. DeFillippo, 443 U.S. 31, 35 (1979).  A lawful arrest alone permits a search and suspicion that the person is carrying weapons or contraband is unnecessary.

---

[5] The cocaine totaled 700 mg.  F.  R-25.

[6] The indictment alleged two counts of criminal possession of a controlled substance.

[7] Trav. followed by a number refers to the pages of Canal's Traverse.  Docket No. 14.

DeFillippo, 443 U.S. at 35.  The search which resulted in finding the cocaine in Canal's pocket was valid if it was part of a lawful arrest.

As a threshold matter, however, Canal must demonstrate entitlement to have as review of these claims.  See Stone v. Powell, 428 U.S. 481 (1976).  "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Stone, 428 U.S. at 494; Plunkett v. Johnson, 828 F.2d 954, 956 (2d Cir. 1987).  Review of the Fourth Amendment claim is still precluded even if the petitioner does not take advantage of the opportunity to litigate his claim.  Graham v. Costello, 299 F.3d 129, 134 (2d Cir. 2002).

In this case it is clear that Canal has received numerous opportunities for full and fair litigation of his claims, notwithstanding the fact that he did not have a jury trial.  Canal was granted a pre-trial suppression hearing and had the opportunity to call witnesses, which he failed to do.  D. R-12.  Canal was afforded and took the opportunity to cross-examine two of the three police officers involved in the arrest.  D. R-12.  The record reveals no indication that Canal's opportunity to present his Furth Amendment claims in the state court proceeding was infringed, limited, conducted unfairly, or undermined in any way.  For this reason, then, the first two grounds of Canal's petition should be denied.

**B. Unlawful Arrest**

Canal contends in the second ground of his petition that his arrest was unlawful

4

since there was no basis for the police to believe that he possessed weapons or drugs after the initial pat-down. Since nothing was produced during the initial pat-down, he argues that only a citation was warranted and the police lacked grounds to arrest him.

Under the Fourth and Fourteenth amendments to the Constitution, a police officer is permitted to conduct a warrantless search of a person if he or she is lawfully arrested. See DeFillippo, 443 U.S. at 35. An arrest is lawful if the arresting officer had probable cause for the arrest. Id. at 36. Even an arrest based on a violation of an ordinance which is later found invalid will be upheld as long as there was probable cause at the time of the arrest. Id. at 37. Additionally, state court findings of fact are conclusive on the court reviewing the habeas petition if supported in the record. See 28 U.S.C. § 2254(d); Summer v. Mata, 455 U.S. 591, 592 (1982).

The state court found that Canal was on a public street with an open container of alcohol when encountered by the police. There can be no dispute that these facts suffice to establish that Canal violated a City ordinance which explicitly states that an open container violation is punishable by imprisonment. See M R-18; App. Div. 1-2.[8] The probable cause for an arrest in this case was based upon uncontested evidence that the officers observed Canal with the open container in his hand. Supp. Hrg. 4, D. R-12.

These state court findings are thus supported by the record and the facts found by the state court constituted probable cause for Canal's arrest. In the alternative, therefore, the second ground of Canal's petition should be denied for this reason.

---

[8] "App. Div." followed by a number refers to the pages of the Appellate Division Decision, Docket No. 11, attachment 4.

## C. Ineffective Assistance of Counsel

In his final ground, Canal contends that he received the ineffective assistance of trial counsel. He alleges failure to call witnesses at the suppression hearing, failure to object at that hearing, failure to obtain material facts and documents for the hearing, failure to call Canal to testify before the grand jury, and failure to complete the record of Canal's arrest at the suppression hearing.

All such claims were waived here by Canal's guilty pleas.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). The focus of a federal habeas inquiry in a case involving a guilty plea is "the voluntariness of the plea, not the existence . . .of an antecedent constitutional infirmity." Id. at 266. Consequently, an unconditional guilty plea waives all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of the plea. United States v. Coffin, 76 F.3d 494, 497-98 (2d Cir. 1996); Baker v. Murray, 460 F. Supp. 2d 425, 429-30 (W.D.N.Y. 2006); Vasquez v. Parrott, 397 F. Supp. 2d 452, 463 (S.D.N.Y. 2005); Conyers v. McLaughlin, No. 96-CV-1743NAMGLS, 2000 WL 33767755, at *7 (N.D.N.Y. Jan. 27, 2000).

Thus, review of Canal's claim here is precluded because all bases for that claim occurred before Canal entered a plea of guilty. Canal raises no challenge to the validity of

that plea and a review of the record reveals no basis for such a challenge.  Accordingly, it is recommended that the third ground of Canal's petition also be denied.[9]

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roland v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

DATED:  January 16, 2008
          Albany, New York

*David R. Homer*
United States Magistrate Judge

---

[9] Respondent asserts various other grounds in opposition to the claims in Canal's petition.  However, in light of the disposition recommended herein on the grounds considered, respondent's remaining grounds need not be addressed.